# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS EMAS,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>JAIME I. ROMAN, COMMANDER (0-5) COMMANDING OFFICER, NAVAL CONSOLIDATED BRIG-MIRAMAR,<br><br>　　　　　　　　　Respondent. | Case No.: 23-cv-2194-BTM-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Dkt. No. 1] |

Nicholas Emas ("Petitioner") has filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 challenging his general court-martial conviction. Dkt. No. 1. The United States opposes the Petition. Dkt. No. 9. The undersigned has considered the Petition, the Opposition, Petitioner's Traverse and the parties' supplemental briefing (Dkt. Nos. 1, 18, 23, 24, 26, 27) as well as the parties' briefs filed in the Air Force Court of Criminal Appeals (Dkt. Nos. 33-3, 45-1).

This Report and Recommendation is submitted to the Honorable Barry Ted Moskowitz, United States District Judge, pursuant to 28 U.S.C. § 636 and Civil Local Rule HC.2. For the reasons stated below, the undersigned **RECOMMENDS** the District Court **DENY** the Petition with prejudice.

# I.

# BACKGROUND

A general court-martial convicted Petitioner, an Airman First Class in the U.S. Air Force, of two specifications of sexual assault and one specification of rape in violation of Uniform Code of Military Justice Article 120, 10 U.S.C. § 1920. *See United States v. Emas*, No. ACM 40020, 2022 WL 2231244, at *1 (A.F. Ct. Crim. App. June 21, 2022). The court-martial sentenced Petitioner, in relevant part, to a dishonorable discharge and seven years of confinement. *Id.*

The Air Force Court of Criminal Appeals ("AFCCA") opinion upholding Petitioner's conviction sets forth the underlying facts in detail. *See id.* at **1-3. Briefly stated, the sexual assault and rape convictions arose from an encounter between Petitioner and another Air Force servicemember, identified in court records as "K.F.," at Joint Base McGuire-Dix-Lakehurst, New Jersey. *Id.* at *1.

On appeal, Petitioner asserted six claims of error, three of which are relevant here: "(1) whether the military judge erred by failing to instruct the panel that a unanimous verdict was required to convict [Petitioner]; (2) whether the Government can prove that its failure to disclose that the named victim had been granted immunity was harmless beyond a reasonable doubt; and (3) whether the military judge erred when he allowed the Government to admit two video clips of the named victim's interview with investigators as prior consistent statements." *Id.*; Dkt. No. 1 at 9. The AFCCA affirmed the findings and sentence. *Emas*, 2022 WL 2231244, at *1. The United States Court of Appeals for the Armed Forces denied review. *United States v. Emas*, 83 M.J. 73 (C.A.A.F. 2022).

Petitioner is currently confined at the Naval Consolidated Brig Miramar in the Southern District of California. Dkt. No. 1 at 2.

/ / /
/ / /
/ / /
/ / /

## II.

## **LEGAL STANDARDS**

"Following military court proceedings, a federal court may grant a writ of habeas corpus only to 'guard against the military courts exceeding their jurisdiction, and to vindicate constitutional rights.'" *Donoho v. Kirk*, No. 23-55600, 2024 WL 2952535, at *1 (9th Cir. June 12, 2024) (citing *Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972)).[1] "Because federal courts play a limited supervisory role when reviewing the habeas petition of a prisoner confined pursuant to a judgment of a court martial, we review a military habeas petitioner's claim on the merits only when the military courts did not 'fully and fairly' consider the claim." *Johnson v. Rodriguez*, No. 22-55782, 2024 WL 3102799, at *1 (9th Cir. June 24, 2024) (citations omitted). *See Burns v. Wilson*, 346 U.S. 137, 144 (1953) ("It is the limited function of the civil courts to determine whether the military have given fair consideration to each of the[] claims."). "[O]nce it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence." *Broussard*, 466 F.2d at 818 (citing *Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1972)); *accord Donoho*, 2024 WL 2952535, at *1 ("[I]t is not the duty of the civil courts simply to repeat that process – to re-examine and reweigh each item of evidence . . ..") (quoting *Burns*, 346 U.S. at 144).

/ / /

/ / /

/ / /

---

[1] Petitioner asserts the Court should reject the Ninth Circuit's interpretation of the "full and fair consideration" standard and instead "be persuaded by decisions from other Circuits that are more recent than the decisions upon which the Respondents and the Ninth Circuit rely, and which provide a more modern and persuasive definition and analysis of the 'full and fair consideration' standard." Dkt. No. 27 at 2. However, this Court must faithfully apply the law as interpreted by the Ninth Circuit. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

# III.
# DISCUSSION

A.  **<u>Unanimous Verdict</u>**

On appeal, Petitioner argued a unanimous verdict was required to convict him. *Emas*, 2022 WL 2231244, at *1. Specifically, Petitioner argued in his opening brief before the AFCCA that a unanimous verdict was required by the Fifth Amendment and Sixth Amendment under *Ramos v. Louisiana*, - U.S. -, 140 S. Ct. 1390 (2020). Dkt. No. 45-1 at 27-44. The United States responded that binding authority from the United States Court of Appeals for the Armed Forces established Petitioner did not have a right to a unanimous jury under the Fifth or Sixth Amendments. Dkt. No. 33-3 at 93-110.

The AFCCA summarily rejected Petitioner's argument:

> With respect to issues (1) [unanimous verdict] and (3) [a challenge to the charging scheme not at issue in this Petition], we have carefully considered [Petitioner's] contentions and find they do not require further discussion or warrant relief. *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

*Id.* An accompanying footnote cited the AFCCA's prior opinion in *United States v. Anderson*, No. ACM 39969, 2022 WL 884314 (A.F. Ct. Crim. App. March 25, 2022), noting "unanimous court-martial verdicts [are] not required." *Emas*, 2022 WL 2231244, at *1 n.3. One judge dissented on this issue. *Id.* at 17.

"If an issue was 'briefed and argued' before a military court and disposed of, 'even summarily,' the federal habeas court should find that the claim was given full and fair consideration." *Andreozzi v. Tracy*, No. CV1600562PHXDGCBSB, 2016 WL 8670166, at *3 (D. Ariz. July 8, 2016) (quoting *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986)). *See also Threats v. Howard*, No. CV2100333TUCJASBGM, 2023 WL 8112601, at *8 (D. Ariz. Mar. 24, 2023) ("[w]hen an issue is raised to, and ultimately rejected by the military courts, it was fully and fairly considered even where summarily denied") (citation omitted); *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 812 n.2 (10th Cir. 1993) ("[T]he fact that the [military] court did not specifically address the question . . . in its opinion is not controlling.").

The record reflects that the issue whether Petitioner was entitled to a unanimous court-martial verdict was extensively briefed and argued on appeal, and the AFCCA's citation to its earlier opinion in *Anderson* demonstrates the court considered Petitioner's claim on the merits and rejected it. As such, the AFCCA "fully and fairly consider[ed] the claim," and habeas relief is unwarranted. *Johnson*, 2024 WL 3102799, at *1 (citation omitted).

The procedural history of *Anderson* further demonstrates the military courts have given full and fair consideration to the issue whether the Constitution requires unanimous jury verdicts in court-martial proceedings. In *Anderson*, as here, the appellant argued that "in light of *Ramos*, the Sixth Amendment and the Fifth Amendment rights to due process and equal protection all required a unanimous verdict by the court-martial panel in order to convict him of any offense." *Anderson*, 2022 WL 884314, at *18. The AFCCA rejected this argument, holding that "after *Ramos*, this court remains bound by the plain and longstanding precedent from our superior courts that the Sixth Amendment right to a jury trial does not apply to trial by courts-martial – and, by extension, neither does the unanimity requirement announced in *Ramos*." *Id. Anderson* further held that "Fifth Amendment due process does not require unanimous verdicts in courts-martial." *Id.* at *19. The Court of Appeals for the Armed Forces granted review and affirmed, holding the appellant "did not have a right to a unanimous verdict at his court-martial under the Sixth Amendment, Fifth Amendment due process, or Fifth Amendment equal protection." *United States v. Anderson*, 83 M.J. 291, 302 (C.A.A.F. 2023). The Supreme Court denied certiorari. *Anderson v. United States*, 144 S. Ct. 1003 (2024).

Petitioner contends the AFCCA's reliance on *Anderson* was misplaced because "*Anderson* is now before the Supreme Court on this issue" and "[c]onsidering that this issue is not before the Supreme Court this Court should conduct a full-merits review of this constitutional issue." Dkt. No. 1 at 12-13. But as noted above, the United States Supreme Court has since denied certiorari in *Anderson*, meaning the United States Court of Appeals for the Armed Forces's determination that a unanimous jury is not constitutionally required

in court-martial proceedings remains good law. Moreover, the opinions issued by the AFCCA and the United States Court of Appeals for the Armed Forces in *Anderson* underscore how the military courts fully and fairly considered the precise legal issue advanced by Petitioner here.

### B. Failure to Disclose Immunity

The evidence at trial showed Petitioner and K.F. had been drinking together prior to the sexual assault and rape. *Emas*, 2022 WL 2231244, at *2. K.F. was on call with her Explosive Ordinance Disposal flight, and "[b]ecause of her on-call status, she should not have been drinking alcohol that evening." *Id.* at *4. K.F.'s alcohol consumption was known to both sides and was the subject of cross-examination at trial. *Id.* at **4-5.

Before the court-martial, the prosecution informed defense counsel that "no immunity had been granted to any witness." *Id.* at *4. In fact, the convening authority issued a "grant of testimonial immunity and order to testify" for K.F. eleven months before trial, although the record did not reflect whether K.F. knew of the immunity prior to testifying. *Id.*

On appeal, Petitioner contended that K.F. was granted testimonial immunity and that this fact was not disclosed to him prior to trial, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as well as Military Rule of Evidence 301(d)(2). Dkt. No. 45-1 at 44-49. The United States responded that it was unclear whether K.F. had received immunity, but even if she had, any failure to disclose the immunity was harmless beyond a reasonable doubt. Dkt. No. 33-3 at 110-131.

The AFCCA "assume[d] without deciding that a valid grant of testimonial immunity for Ms. KF was signed by the convening authority, and that this grant of immunity was not disclosed to trial defense counsel prior to trial." *Emas*, 2022 WL 2231244, at *6. However, the appellate court held "the Government's failure to disclose the grant of immunity was harmless beyond a reasonable doubt" for multiple reasons. *Id.* at *7. First, "it is evident from the record that the Defense was aware of Ms. KF's misconduct for which the immunity was provided" because "Ms. KF openly acknowledged that she was drinking

1   while on call" and this admission "would limit the effectiveness of any claim that immunity
2   impacted her version of events." *Id.*  Second, "even if the Defense had knowledge of the
3   immunity . . . the Government would have been able to successfully rebut any claim that
4   Ms. KF fabricated her rape and sexual assault claims to cover up her own misconduct"
5   because "she called 911 to report the rape and sexual assaults" and "provided numerous
6   statements, in multiple settings, that were substantially consistent with her testimony at
7   trial." *Id.*  Third, "because Ms. KF had separated from the Air Force by the time of
8   [Petitioner's] court-martial . . . [her] immunity from prosecution for a purely military
9   offense would have had little or no impact on her trial testimony." *Id.*  Fourth, the AFCCA
10  analyzed the strength of the prosecution's case and concluded "Ms. KF's testimony was
11  consistent with prior statements she made during the investigation" and that "additional
12  evidence admitted at trial," including K.F.'s 911 call, body camera footage, Petitioner's
13  behavior and "both the physical and DNA evidence admitted at trial" "directly
14  contradict[ed] [Petitioner's] numerous inconsistent statements" and "directly support[ed]
15  Ms. KF's claims that the perpetrator of the rape and sexual assault was [Petitioner]." *Id.*

16   Petitioner contends the AFCCA's harmless error analysis was wrong and, as a result, the court did not "fully and fairly" consider his claim. Dkt. No. 1 at 17.  In effect, Petitioner argues an erroneous military court ruling equates to an absence of full and fair consideration.  This is contrary to Ninth Circuit authority which instructs courts to "review a military habeas petitioner's claim on the merits only when the military courts did not fully and fairly consider the claim." *Johnson*, 2024 WL 3102799, at *1.  Moreover, accepting Petitioner's argument would require the Court to engage in an impermissible re-weighing of the evidence. *See Burns*, 346 U.S. at 142 ("it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence").  The record reflects the AFCCA thoroughly considered Petitioner's *Brady* claim, *Emas*, 2022 WL 2231244, at **4-7, and ultimately concluded that "the failure to disclose Ms. KF's immunity did not affect [Petitioner's] trial" and that "the failure to disclose this information was harmless beyond

28  / / /

a reasonable doubt." *Id.* at *7. Petitioner's disagreement with this conclusion does not provide grounds for habeas relief. *Johnson*, 2024 WL 3102799, at *1.

## C. Admission of Prior Consistent Statements

At trial, the military judge granted the prosecution's request to admit into evidence "two video clips of Ms. KF's interview with investigators as prior consistent statements" under Military Rule of Evidence 801(d)(1)(B)(ii). *Emas*, 2022 WL 2231244, at *7. On appeal, Petitioner argued the military judge erred in admitting the statements because the prosecution (not the defense) impeached K.F. in the first instance and because the video clips did not meet the requisite criteria for admission as consistent statements under Rule 801(d)(1)(B)(ii). Dkt. No. 45-1 at 50-59. The United States responded that the military judge did not abuse his discretion in admitting the video clips as prior consistent statements and that any error was harmless. Dkt. No. 33-3 at 132-149.

The AFCCA conducted a detailed analysis of this issue, ultimately concluding the military judge did not abuse his discretion in admitting the two video clips under Rule of K.F.'s interview with investigators as prior consistent statements under Rule 801(d)(1)(B)(ii). *Emas*, 2022 WL 2231244 at **7-12. Petitioner contends the FCCA "failed to correctly evaluate the facts and apply the law" in holding there was no abuse of discretion in admitting the video clips. Dkt. No. 1 at 18. But again, Petitioner's disagreement with the AFCCA's analysis does not demonstrate that the military courts failed to consider his claim fully and fairly. To the contrary, the record establishes the AFCCA fully and fairly considered Petitioner's arguments and concluded that both video clips met "all five criteria" for admission as prior consistent statements. *Emas*, 2022 WL 2231244 at **11-12. "It is not now the duty of this court to 'reexamine and reweigh' the same evidence." *Erickson v. Von Blanckensee*, No. 19-16165, 2021 WL 5399871, at *2 (9th Cir. Nov. 18, 2021) (citing *Burns*, 346 U.S. at 144).

/ / /

/ / /

/ / /

## IV.

## CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the District Court enter an Order adopting this Report and Recommendation in its entirety and denying the Petition with prejudice.

**IT IS HEREBY ORDERED** that any objection to this Report and Recommendation must be filed with the Court and served on all parties by **November 7, 2024**. Replies to any objection must be filed with the Court and served on all parties by **November 14, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: October 24, 2024

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge